WASHINGTON FERN *vs.* DANIEL CUSHING & another.

An attachment of the property of a partnership, by the trustee process, is not dissolved by the subsequent several insolvency of one of the partners, after a dissolution of the partnership.

IN this case, which was argued by *J. G. Abbott*, for the plaintiff, and *T. Wentworth*, for the defendants, the material facts sufficiently appear in the opinion of the court.

SHAW, C. J.   This was a writ of *scire facias* against Daniel Cushing and Sewall G. Mack, as trustees.   It appears by the answers, and the facts agreed, that suits were brought, first by Francis Vose, and second by the plaintiff, Fern, against Whitney and Blair, and the present defendants as their trustees.   The actions were continued in court some time, during which the defendants accepted an order, drawn on them by Whitney and Blair, to pay over to a third firm the balance of funds in their hands, subject to prior liens. This fact has no material bearing.   The plaintiff's action, though commenced after that of Francis Vose, came to judgment first, and the plaintiffs took out execution, and placed it in the hands of an officer, who duly made demand upon the defendants, for the funds in their hands, they having been charged as trustees, and execution awarded, in usual form, against the goods and effects of Whitney and Blair in their hands.   Afterwards judgment was rendered in the action of Francis Vose, and execution also awarded against the goods and effects of Whitney and Blair, in the hands of the defendants, Vose's being the first attachment.   This execution was placed in the hands of an officer, and a demand made upon the defendants, for the goods and effects of Whitney and Blair in their hands.   This occurred on the 24th of March, 1847.   On the morning of the same day, the first publication was made of a notice issued by a messenger, upon a proceeding in insolvency, upon the application of Blair alone, after the dissolution of the partnership of Whitney and Blair.   It appears that he did not set forth the insolvency of the firm, but only his own; and the warrant and other proceedings

were conducted upon the principle of his several insol-
vency.   The messenger under this warrant demanded the
funds in the hands of the defendants.   Afterwards the de-
fendants paid over the whole balance of the funds in their
hands, after deducting the amount which they were allowed
by the court to retain for their costs and expenses as trus-
tees, on the execution of Vose, as the first attaching creditor.

The ground, on which the plaintiff seeks to charge these
defendants as trustees, after they have paid over the entire
fund on the execution of the previous attaching creditor, is
this: that the plaintiff, by suing out his execution against
Whitney and Blair, and causing demand to be made of their
effects, in the hands of the defendants, had perfected his
lien on the fund, so as to place it beyond the risk of being
defeated, and having his attachment dissolved by any pro-
ceedings in insolvency; but that Vose, though he recovered
judgment and took out execution, did not have a demand
made on the trustees on his execution, until after the first
publication of the notice of insolvency, and therefore that his
attachment was thereby defeated, and let in the plaintiff as
the first indefeasible lien on the fund.

This reasoning is plausible, but we think not sound, and
not sufficient to give the plaintiff, as second attaching cred-
itor, a priority over Vose, who was the first.

It is not necessary now to decide what act by an attaching
creditor is a sufficient taking of the property in the hands of
a trustee, so as to prevent a dissolution of the attachment by
insolvent proceedings, whether it be the judgment, the issuing
of execution, the delivery of such execution to an officer, or
the demand by the officer upon the trustee.   This decision
stands on other grounds.

The insolvent proceedings were against Blair alone.   The
assignee under these proceedings had no right to take the
partnership property, except the share and interest of the in-
solvent, after the payment and satisfaction of partnership
debts.   The assignment extended only to the interest of the
insolvent partner, in the property and effects of the partner-
ship, after the payment of partnership debts.  *Pierce* v. *Jack-*

*son,* 6 Mass. 244; *Allen* v. *Wells,* 22 Pick. 450; *Dyer* v. *Clark,* 5 Met. 562; *Parker* v. *Phillips,* 2 Cush. 175.

The insolvent proceedings therefore against Blair did not affect the partnership property attached by Vose in the hands of the trustees, who were indebted to the firm only; and the messenger under these proceedings had no right to the property, and the trustees rightfully paid over the funds in their hands, on Vose's execution, as the prior attaching creditor Nothing remained to satisfy the execution of the plaintiff

*Judgment for the defendants.*